1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Luis Alonso Martinez,**<br>Petitioner<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Respondent(s) | CV-07-0574-PHX-EHC (JI)<br><br>**REPORT & RECOMMENDATION<br>On Motion to Dismiss<br>Petition for Writ of Habeas Corpus<br>Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Winslow, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 19, 2007 (#1). Respondents have not yet responded to the Petition, and Petitioner has now filed a "Motion for Dismissal with Special Leave to A[rizona] Appellate Court" (#4). The motion is a dispositive motion, and accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

The Court's service Order contained the following synopsis of the procedural background, derived in part from the Petition, and in part from a review of the trial court's online docket:

> Petitioner was convicted by a jury in Maricopa County Superior Court of armed robbery, robbery, burglary in the third degree, theft, two counts each of burglary in the second degree and theft of a means of transportation in Maricopa County Superior Court, CR 2003-036270, and sentenced to 27.5 years in prison on March 11, 2004. (Id. at 1.) The Superior Court denied Petitioner's Rule 32-of right proceedings on April 5, 2004 and, according to Petitioner, the state appellate court

1    denied review on May 16, 2005. (Id. at 2.) Petitioner's direct appeal
     was denied by the Arizona Court of Appeals on September 14, 2005.
2    A successive Rule 32 proceeding was dismissed by the Superior Court
     as untimely on October 20, 2006 and a third Rule 32 was dismissed on
3    November 11, 2006. Petitioner apparently did not seek review of the
     dismissals of his second and third Rule 32 proceedings.
4
     (Order 5/2/07, #3 at 1-2.)   (*See also* http://www.superiorcourt.maricopa.gov/docket/
5
     criminal/caseInfo.asp?caseNumber=CR2003-036270, last accessed 6/29/7 for copies of the
6
     trial court's docket.)
7
           The Court's service Order summarized the contents of the Petition as follows:
8
                 Petitioner raises four grounds for relief. In his first and second claims,
9                he alleges the ineffective assistance of trial counsel in violation of the
                 Sixth Amendment for failing to object to inadmissible character
10               evidence and a prejudicial trial process and for allowing Petitioner to
                 be convicted of armed robbery absent evidence that he was armed with
11               a deadly weapon. In his third claim, Petitioner alleges a violation of his
                 Fourteenth Amendment rights where he was tried on multiple counts
12               without proof of the elements for each offense. In his fourth claim, he
                 alleges that he was sentenced to consecutive, rather than concurrent,
13               sentences in violation of the Eighth Amendment.

14   (*Id.* at 2.)  The Court noted that it was unclear whether Petitioner had exhausted his state

15   remedies, but concluded that service should be ordered because Petitioner's claims were

16   potentially procedurally barred.  (*Id.*)

17

18                       **III. APPLICATION OF LAW TO FACTS**

19         On May 14, 2007, Petitioner now filed his "Motion for Dismissal with Special Leave

20   to A[rizona] Appellate Court" (#4).  Petitioner seeks to have his Petition either stayed or

21   dismissed without prejudice, and that he be given "permission" to return to the Arizona Court

22   of Appeals to challenge the inadmissible character evidence on U.S. Constitutional grounds.

23   Respondents responded (#12) on July 25, 2007, arguing that any such claim would now be

24   procedurally defaulted, and thus this Court should dismiss with prejudice.  Petitioner has not

25   replied in support of his motion.

26         **Leave to Return to State Courts** - No "permission" is required from this Court for

27   Petitioner to seek remedies from the Arizona courts.  Accordingly, this portion of Petitioner's

28   motion should be denied as moot.

1    **Stay of Proceedings** - Petitioner casts his motion as seeking either dismissal or a stay.

2    This Court's ability to stay a habeas proceeding to allow exhaustion of state remedies is

3    limited.   "Because granting a stay effectively excuses a petitioner's failure to present his

4    claims first to the state courts, stay and abeyance is only appropriate when the district court

5    determines there was good cause for the petitioner's failure to exhaust his claims first in state

6    court. Moreover, even if a petitioner had good cause for that failure, the district court would

7    abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly

8    meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Consequently, any request to stay

9    should establish that "petitioner had good cause for his failure to exhaust, his unexhausted

10   claims are potentially meritorious, and there is no indication that the petitioner engaged in

11   intentionally dilatory litigation tactics." *Id.*

12   Petitioner has not shown good cause for his failure to exhaust his claims prior to

13   brining this action. Although Petitioner protests that his substantive claims would have been

14   raised but for appellate counsel's ineffectiveness, his failure to appeal the denial of his

15   petitions for post-conviction relief cannot be attributed to counsel.

16   Nor does Petitioner offer anything to establish that his claims are substantively

17   meritorious.

18   Further, in the service Order, this Court concluded that some of Petitioner's claims

19   were procedurally barred by the state courts as untimely.  In that event, the procedural bar

20   could also be a procedural impediment to consideration of Petitioner's claims.  *See Harris*

21   *v. Reed*, 489 U.S. 255, 260 (1989) (habeas review of a claim is precluded when state court

22   disposed of it on a procedural ground "that is both 'independent' of the merits of the federal

23   claim and an 'adequate' basis for the court's decision").

24   Moreover, it appears that the Petition may be untimely.  It appears that Petitioner's

25   conviction would have become final on or about, August 15, 2005, on the expiration of his

26   time for seeking further review on appeal from the Arizona Court of appeals.   28 U.S.C. §

27   2244(d)(1)(A) (one year statute of limitations on habeas petitions runs from conviction

28   becoming final "by conclusion of direct review or the expiration of time for seeking such

review"); *Bowen v. Roe,* 188 F.3d 1157, 1158 (9th Cir.1999) ("direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition). Ordinarily, Petitioner's one year would have expired on or about August 16, 2006. However, Petitioner had PCR proceedings pending from May, 2006 until November 2006, thus providing him statutory tolling for a period of approximately 6 months. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending").   At the end of that time he would have had approximately three months of his one year remaining, extending his one year deadline to February, 2007.  Thus his one year may have expired when his present Petition (#1) was filed on March 19, 2007.

Accordingly, Petitioner has not shown that he is entitled to a stay of these proceedings to allow exhaustion.

**Dismissal** - Petitioner requests, in the alternative, a dismissal of this action.  Petitioner need not have leave of the Court to dismiss.  Rule 41(a), Federal Rules of Civil Procedure provides that "an action may be dismissed by the plaintiff without order of court ...by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment . . . [and] [u]nless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice."  Respondents had not, at the time of the motion, filed an answer.  The deadline to answer has been vacated pending a ruling on this report & recommendation.  Accordingly, the Court should construe the motion as a "notice" of dismissal pursuant to Rule 41(a), and should dismiss these proceedings.  *See Roddy v. Dendy*, 141 F.R.D. 261 (S.D.Miss.1992) (although document filed by plaintiff was denominated as a motion for voluntary dismissal rather than notice of voluntary dismissal, distinction was without legal significance and plaintiff was entitled to dismissal without prejudice).

Rule 41(a) provides that a subsequent dismissal of the same claim operates as a dismissal with prejudice.  Nothing in the record suggests that Petitioner has previously

1    dismissed a petition with the same claims.  Because there is nothing in the record to suggest

2    a prior dismissal of these claims, that dismissal should be without prejudice.

3        **Effect of Defenses** - Respondents assert that this Court should resolve the

4    applicability of an Arizona procedural bar to the Petitioner's expected state claims.  It is true

5    that the federal habeas courts need not engage in "in a game of judicial ping-pong between

6    the state and federal courts, as the state prisoner returned to state court only to have the state

7    procedural bar invoked against him." *Harris v. Reed,* 489 U.S. 255, 270 (1989) (O'Connor,

8    J. concurring).  Rather the habeas court "may properly determine whether the claim has been

9    procedurally defaulted under state law, such that a remedy in state court is 'unavailable'

10   within the meaning of § 2254(c)." *Id.* at 269.  However, there is no mandate that the federal

11   habeas court do so, particularly in the face of a Petitioner's request to dismiss, as opposed

12   to an involuntary dismissal of unexhausted claims.

13       While a motion to dismiss based upon the discretion of the court might invite the

14   Court to weigh the prudence of a dismissal with prejudice, to avoid "judicial ping-pong,"

15   Plaintiff has not made such a request.  Rather, he has sought dismissal prior to an answer.

16   Thus, his "notice" is a self-executing dismissal of the case.

17           Th[e] [filing of notice] itself closes the file. There is nothing the
             defendant can do to fan the ashes of that action into life and the court
18           has no role to play.  This is a matter of right running to the plaintiff and
             may not be extinguished or circumscribed by adversary or court. There
19           is not even a perfunctory order of court closing the file. Its alpha and
             omega was the doing of the plaintiff alone. He suffers no impairment
20           beyond his fee for filing.

21   *Pedrina v. Chun,* 987 F.2d 608, 610 (9th Cir. 1993) (quoting *American Cyanamid Co. v.*

22   *McGhee*, 317 F.2d 295, 297 (5th Cir.1963)).  *But see Potts v. Zant,* 638 F.2d 727, 742 (5th

23   Cir. 1981) (voluntary dismissal under Rule 41(a)(i) of habeas petition was not free from

24   abuse of writ analysis).

25       **Effect of Dismissal** - It is true that the dismissal of the petition, though nominally

26   "without prejudice," may ultimately amount to a dismissal with prejudice, e.g. if a

27   subsequent petition is deemed untimely where the present petition might have been timely.

28   "District judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler*

1   *v. Ford*, 542 U.S. 225, 231 (2004).  Petitioner remains the master of his own petition.  *Cf.*

2   *Mason By and Through Marson v. Vasquez*, 5 F.3d 1220, 1223 (C.A.9 (Cal.),1993) ("the

3   petitioner is entitled to guide the course of his litigation, including dismissing his action . .

4   .provided he is mentally competent to do so").

5

6                   **IV.  RECOMMENDATION**

7       **IT IS THEREFORE RECOMMENDED** that Petitioner's "Motion for Dismissal

8   with Special Leave to A[rizona] Appellate Court," filed May 14, 2007 (#4) be **DENIED AS**

9   **MOOT** to the extent that it seeks leave of this Court to proceed in the Arizona courts.

10       **IT IS FURTHER RECOMMENDED** that Petitioner's "Motion for Dismissal with

11   Special Leave to A[rizona] Appellate Court," filed May 14, 2007 (#4) be **DENIED** to the

12   extent that it seeks a stay of these proceedings to permit exhaustion of state remedies.

13       **IT IS FURTHER RECOMMENDED** that Petitioner's "Motion for Dismissal with

14   Special Leave to A[rizona] Appellate Court," filed May 14, 2007 (#4) be **CONSTRUED** as

15   a notice of dismissal as of right pursuant to Rule 41(a), Federal Rules of Civil Procedure.

16       **IT IS FURTHER RECOMMENDED** that Petitioner's Petition for Writ of Habeas

17   Corpus, filed March 19, 2007 (#1) be **DISMISSED WITHOUT PREJUDICE**.

18

19               **V. EFFECT OF RECOMMENDATION**

20       This recommendation is not an order that is immediately appealable to the Ninth

21   Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of*

22   *Appellate Procedure*, should not be filed until entry of the district court's judgment.

23       However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

24   have ten (10) days from the date of service of a copy of this recommendation within which

25   to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing

26   Section 2254 Proceedings.   Thereafter, the parties have ten (10) days within which to file

27   a response to the objections.  Failure to timely file objections to any factual or legal

28   determinations of the Magistrate Judge will be considered a waiver of a party's right to *de*

1   *novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

2   Cir. 2003)(*en banc*).

3

4   DATED: August 27, 2007

5                                                              JAY R. IRWIN
                                                     United States Magistrate Judge