1
2
3
4            IN THE UNITED STATES DISTRICT COURT
5            FOR THE DISTRICT OF ARIZONA
6
7   Luis Alonso Martinez,                    )    No. CV 07-0574-PHX-EHC (JI)
                                             )
8                Petitioner,                 )
                                             )    **ORDER**
9   vs.                                      )
                                             )
10  Dora B. Schriro, et al.,                 )
                                             )
11               Respondents.                )
                                             )
12                                           )
                                             )
13  _____ )

14
15       Petitioner proceeding pro se has filed a Petition for Writ of Habeas Corpus By a
16  Person in State Custody under 28 U.S.C. § 2254 (Dkt. 1). The matter was referred to
17  Magistrate Judge Jay R. Irwin who has issued a Report and Recommendation recommending
    that the § 2254 Petition be dismissed without prejudice (Dkt. 13). Petitioner has now filed
18  a "Motion to Show Cause & Prejudice or Stay Petition to Return to State Court or Dismiss
19  without Prejudice to Return to State Court" (Dkt. 14); a "Motion: Withdrawal of Dismissal
20  of Habeas State Will Procedurally Bar Return" (Dkt. 15); and a "Motion to Amend Habeas
21  Add Issues Herein (and Ask for a 60 Day or 30 Day Extension to Prepare)" (Dkt. 16).
22                          Standard of Review
23       The district court reviews de novo the portions of the Magistrate Judge's Report and
24  Recommendation to which Petitioner has filed an objection. 28 U.S.C. § 636(b)(1)(C)("a
25  judge of the court shall make a de novo determination of those portions of the report, ..., to
26  which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th
27  Cir. 2003); Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003), citing Thomas v.
28

1    <u>Arn</u>, 474 U.S. 140, 149 (1985)(determining that district courts are not required to review any

2    issue that is not the subject of an objection).

3                                                    <u>Discussion</u>

4            Petitioner was convicted by a jury of armed robbery, robbery, theft and burglary

5    offenses in the Superior Court of Maricopa County, Arizona.  Service of his § 2254 Petition

6    was ordered even though it was unclear whether Petitioner had exhausted his state remedies

7    (Dkt. 3  - Order).

8            Before a Response was filed, Petitioner filed a "Motion for Dismissal with Special

9    Leave to A[rizona] Appellate Court" (Dkt. 4). The Magistrate Judge has recommended that

10   the portion of this Motion in which Petitioner sought leave of Court to proceed in the Arizona

11   courts to seek remedies should be denied as moot.  It has been recommended that the portion

12   of this Motion in which Petitioner seeks a stay of proceedings to permit exhaustion of state

13   remedies should be denied. The Magistrate Judge has recommended that the remaining

14   portion of this Motion in which Petitioner requested dismissal of his Petition for Writ of

15   Habeas Corpus may be construed as a "notice" of dismissal as of right under Fed.R.Civ.P.

16   41(a) and that the Petition should be dismissed without prejudice.  It is discussed in the

17   Report and Recommendation that Petitioner sought dismissal prior to answer and that his

18   "notice" is a self-executing dismissal of the case. Since the filing of the Report and

19   Recommendation on August 27, 2007, Petitioner has filed the motions mentioned above in

20   the introductory section of this Order.

21          Petitioner's  "Motion to Show Cause & Prejudice or Stay Petition to Return to State

22   Court or Dismiss without Prejudice to Return to State Court" (Dkt. 14), was filed on August

23   30, 2007 and appears to have been filed before Petitioner received the Report and

24   Recommendation filed on August 27, 2007.  Petitioner asserts that if the Court decides to

25   hear this habeas petition instead of permitting a return to state court, Petitioner was entitled

26   to effective assistance of counsel on direct appeal. Petitioner concludes by asking the Court

27   to "re-instate my plea" if the Court would consider this claim.

28                                                    - 2 -

1    Petitioner's "Motion: Withdrawal of Dismissal of Habeas State Will Procedurally Bar

2    Return" (Dkt. 15) was filed on September 4, 2007.  In this Motion, Petitioner states that he

3    has received the "court's ruling (8-28-07) and there is much the petitioner must request

4    before it may be too late."  Petitioner discusses a claim he desires to raise regarding his prior

5    criminal history and concludes by stating "please do not dismiss petition."

6    Petitioner's "Motion: Withdrawal of Dismissal of Habeas, etc." (Dkt. 15) appears to

7    object to the recommended dismissal of his Petition as set forth in the Report and

8    Recommendation. The Court will treat Petitioner's "Motion: Withdrawal of Dismissal of

9    Habeas, etc.", as an Objection to the dismissal recommended by the Magistrate Judge since

10   the Motion was filed on September 4, 2007, a date within ten days of the August 27, 2007

11   Report and Recommendation (Dkt. 13). The Court further will sustain the Objection to the

12   recommended dismissal.   Alternatively, the Court will grant Petitioner's "Motion:

13   Withdrawal of Dismissal of Habeas, etc." and allow the "notice" of voluntary dismissal to

14   be withdrawn.

15      In his "Motion to Amend Habeas Add Issues Herein (and Ask for a 60 Day or 30

16   Day Extension to Prepare)" filed on September 12, 2007 (Dkt. 16), Petitioner asks to add

17   issues to his habeas petition.  Petitioner further requests an extension of time to prepare the

18   Amended Petition.

19   The Court will grant Petitioner's "Motion to Amend Habeas Add Issues" (Dkt. 16)

20   and allow Petitioner to file an Amended Petition for Writ of Habeas Corpus.  The Court will

21   further grant Petitioner an extension of time and allow Petitioner until May 9, 2008 to file

22   an Amended Petition for Writ of Habeas Corpus.  Since Petitioner is being allowed to file

23   an Amended Petition, the Court will deny as moot Petitioner's "Motion to Show Cause &

24   Prejudice or Stay Petition, etc." (Dkt. 14) which appears to be attempting to raise a claim of

25   ineffective assistance of counsel on direct appeal.  Petitioner may raise this claim in his

26   Amended Petition.

27

28

1    The Clerk of Court will mail Petitioner a court-approved form for filing a first
2    amended petition by a *pro se* petitioner.

3    Petitioner must clearly designate on the face of the document that it is the "First
4    Amended Petition."  The first amended petition must be retyped or rewritten in its entirety
5    on the court-approved form and may not incorporate any part of the original Petition by
6    reference.

7    Petitioner must serve Respondents, or counsel if an appearance has been entered, a
8    copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a
9    certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner
10   must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to
11   comply may result in the filing being stricken without further notice to Petitioner.

12   The Court does not adopt the Magistrate Judge's recommendation that the Petition for
13   Writ of Habeas Corpus be dismissed.  The Court further does not adopt the Magistrate
14   Judge's recommendation regarding Petitioner's request for a stay of proceedings because this
15   issue may have some bearing on any Amended Petition that might be filed. In all other
16   respects, the Magistrate Judge's Report and Recommendation will be adopted as the Order
17   of the Court.

18   The Court will refer this matter to Magistrate Judge Jay R. Irwin pursuant to Rules
19   72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
20   recommendation.

21   Accordingly,

22   **IT IS ORDERED** that Petitioner's "Motion:  Withdrawal of Dismissal of Habeas
23   State Will Procedurally Bar Return" (Dkt. 15), construed as an Objection to the dismissal
24   recommended by the Magistrate Judge in the Report and Recommendation (Dkt. 13), is
25   sustained.

26   **IT IS FURTHER ORDERED** that, in the alternative, Petitioner's "Motion:
27   Withdrawal of Dismissal of Habeas State Will Procedurally Bar Return" (Dkt. 15) is granted.

28

1      **IT IS FURTHER ORDERED** that Petitioner's "Motion for Dismissal with Special

2   Leave to A[rizona] Appellate Court" (Dkt. 4), to the extent construed as a "notice" of

3   voluntary dismissal, is withdrawn.

4      **IT IS FURTHER ORDERED** that the Court does not adopt the Magistrate Judge's

5   Report and Recommendation to the extent that it recommends dismissal of the Petition for

6   Writ of Habeas Corpus under 28 U.S.C. § 2254 and to the extent that it recommends denial

7   of Petitioner's request for a stay of proceedings. In all other respects, the Magistrate Judge's

8   Report and Recommendation is adopted as the Order of the Court.

9      **IT IS FURTHER ORDERED** that Petitioner's "Motion to Amend Habeas Add

10  Issues Herein (and Ask for a 60 Day or 30 Day Extension to Prepare)" (Dkt. 16) is granted.

11  Petitioner will be allowed to file an Amended Petition for Writ of Habeas Corpus.

12     **IT IS FURTHER ORDERED** that Petitioner's "Motion to Show Cause & Prejudice

13  or Stay Petition to Return to State Court or Dismiss without Prejudice to Return to State

14  Court" (Dkt. 14) is denied as moot, as Petitioner has been permitted to file an Amended

15  Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

16     **IT IS FURTHER ORDERED** that Petitioner may filed an Amended Petition for

17  Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 on or before

18  May 9, 2008.

19     **IT IS FURTHER ORDERED** that the Clerk of Court must mail Petitioner a court-

20  approved form for filing a habeas petition by a *pro se* prisoner.

21     **IT IS FURTHER ORDERED** that this matter is referred to Magistrate Judge Jay R.

22  Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further

23  proceedings and a report and recommendation.

24     DATED this 13th day of March, 2008.

25

26  _____

27  Earl H. Carroll
    United States District Judge

28  - 5 -

**Instructions for Filing a Petition Under 28 U.S.C. § 2254
for a Writ of Habeas Corpus by a Person in State Custody
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence on the grounds that your conviction or sentence violates the United States Constitution or other federal law.  You also may use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3.  <u>Your Signature</u>. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.    The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed *in forma pauperis* by completing and signing the Application to Proceed *In Forma Pauperis* provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should **file your petition in the division where you were convicted**.  <u>See</u> LRCiv 5.1(b).  If you are challenging a judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila County, file your petition in the Phoenix Division. If you are challenging a judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai County, file your petition in the Prescott Division.  If you are challenging a judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file your petition in the Tucson Division.  <u>See</u> LRCiv 5.1(b) and 77.1(a).

**Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed *in forma pauperis*). Each original document (except the initial petition and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>         Attorney for Respondent(s)
> _____
> (Signature)

9.  <u>Amended Petition</u>.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved form.  You may file one amended petition without leave (permission) of Court before any respondent has answered your original petition.  <u>See</u> Fed. R. Civ. P. 15(a).  After any respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended petition. LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10.  <u>Exhibits</u>.  If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging.  Do **not** submit any other exhibits with the petition.  Instead, you should paraphrase the relevant information in the petition.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Warnings.

    a.  Judgment Entered by a Single Court.  You may challenge the judgment entered by only one court.  Multiple counts which resulted in a judgment by the same court may be challenged in the same petition.  If you wish to challenge judgments entered by more than one court, however, you must file separate petitions for each judgment.

    b.  Grounds for Relief.  You must raise all grounds for relief that relate to this conviction or sentence.  Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.

    c.  Exhaustion.  In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court.  If you did not fairly present each of your grounds to the Arizona Court of Appeals, your petition may be dismissed.  If you did not present one or more of your grounds to the Arizona Court of Appeals, explain why you did not.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
(Full Name of Petitioner)                                    )
                 Petitioner,                          )
                              )
         vs.                                        )   **CASE NO.** _____
                              )      (To be supplied by the Clerk)
_____ , )
(Name of the Director of the Department of          )
Corrections, Jailor or authorized person having      )
custody of Petitioner)                                            )   **PETITION UNDER 28 U.S.C. § 2254**
                              )   **FOR A WRIT OF HABEAS CORPUS**
            Respondent,                    )   **BY A PERSON IN STATE CUSTODY**
             and                               )   **(NON-DEATH PENALTY)**
The Attorney General of the State of _____ , )
                              )
         Additional Respondent.              )
_____ )

## PETITION

1.  (a)  Name and location of court that entered the judgment of conviction you are challenging: _____
_____
_____

     (b)  Criminal docket or case number: _____

2.  Date of judgment of conviction: _____

3.  In this case, were you convicted on more than one count or crime?     Yes ☐       No ☐

**530**

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: _____

_____

_____

_____

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

_____

_____

_____

6.  (a) What was your plea?
    Not guilty                              ☐
    Guilty                                  ☐
    Nolo contendere (no contest)            ☐

    (b)  If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge,
    give details: _____

_____

_____

_____

    (c)  If you went to trial, what kind of trial did you have?  (Check one)      Jury ☐        Judge only ☐

7.  Did you testify at the trial?      Yes ☐        No ☐

8.  Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
    Yes ☐      No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9.  Did you appeal to the Arizona Supreme Court?        Yes ☐         No ☐

   If yes, answer the following:

   (a)  Date you filed: _____

   (b)  Docket or case number: _____

   (c)  Result: _____

   (d)  Date of result: _____

   (e)  Grounds raised: _____

   _____

   _____

   _____

   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10.  Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐      No ☐

   If yes, answer the following:

   (a)  Date you filed: _____

   (b)  Docket or case number: _____

   (c)  Result: _____

   (d)  Date of result: _____

   (e)  Grounds raised: _____

   _____

   _____

   _____

   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11.  Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?        Yes ☐         No ☐

   If yes, answer the following:

3

(a)  First Petition.

   (1)  Date you filed: _____

   (2)  Name of court: _____

   (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

   (4)  Docket or case number: _____

   (5)  Result: _____

   (6)  Date of result: _____

   (7)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)  Second Petition.

   (1)  Date you filed: _____

   (2)  Name of court: _____

   (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

   (4)  Docket or case number: _____

   (5)  Result: _____

   (6)  Date of result: _____

   (7)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c)  Third Petition.

(1)  Date you filed: _____

(2)  Name of court: _____

(3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

(4)  Docket or case number: _____

(5)  Result: _____

(6)  Date of result: _____

(7)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)  Did you appeal the action taken on your petition, application, or motion to the:

| | <u>Arizona Court of Appeals:</u> | | <u>Arizona Supreme Court:</u> | |
|---|---|---|---|---|
| (1)  First petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (2)  Second petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (3)  Third petition | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e)  If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12.  For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

> **<u>CAUTION:</u>** <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b) Did you present the issue raised in Ground One to the Arizona Court of Appeals?  Yes ☐      No ☐

    (c) If yes, did you present the issue in a:
          Direct appeal       ☐
          First petition       ☐
          Second petition    ☐
          Third petition       ☐

    (d)  If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

    (e) Did you present the issue raised in Ground One to the Arizona Supreme Court?  Yes ☐      No ☐

**GROUND TWO**: _____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?  Yes ☐      No ☐

(c) If yes, did you present the issue in a:
      Direct appeal     ☐
      First petition     ☐
      Second petition   ☐
      Third petition    ☐

(d)  If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?  Yes ☐      No ☐

**GROUND THREE**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?  Yes ☐      No ☐

(c) If yes, did you present the issue in a:
      Direct appeal          ☐
      First petition          ☐
      Second petition         ☐
      Third petition          ☐

(d)  If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: ___

_____

_____

_____

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?  Yes ☐      No ☐

**GROUND FOUR**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?  Yes ☐     No ☐

    (c) If yes, did you present the issue in a:
            Direct appeal       ☐
            First petition       ☐
            Second petition    ☐
            Third petition      ☐

    (d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

    (e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?  Yes ☐     No ☐

**Please answer these additional questions about this petition:**

13.  Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available:  _____
_____
_____
_____
_____
_____
_____

14.  Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?   Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:  _____
_____
_____
_____
_____
_____

15.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?        Yes ☐          No ☐

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future:

_____
_____
_____

    (b)  Date that the other sentence was imposed:  _____

    (c)  Length of the other sentence:  _____

    (d)  Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?      Yes ☐          No ☐

10

16.  TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____
_____
_____
_____
_____
_____
_____
_____
_____

*Section 2244(d) provides in part that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17.  Petitioner asks that the Court grant the following relief: _____
_____
_____
or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Petitioner**


_____          _____

Signature of attorney, if any                                               Date